**COTTONE & MOON**
EDWIN R. COTTONE, ESQ. (SBN 222689)
PRISCILLA MOON, ESQ. (SBN 220819)
5000 BIRCH STREET, SUITE 3000
NEWPORT BEACH, CA  92660
PHONE: (949) 260-2004
FACSIMILE: (949) 861-9922
EMAIL: ed@cottonemoon.com

ATTORNEYS FOR DEFENDANT
DOLORES KROOP

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDS FINANCIAL SERVICES, INC., a California Corporation, | Case No. 8:17-CV-01042 DOC (JCGx) |
| Plaintiff, | Judge: Hon. David O. Carter |
| vs. | **DEFENDANT DOLORES KROOP'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| DOLORES KROOP, an individual; and DOES 1 through 50, inclusive, | |
| Defendants. | Date:   July 16, 2018<br>Time:   8:30 a.m.<br>Room:   9D |

COTTONE & MOON
LITIGATION ATTORNEYS

DEFENDANT DOLORES KROOP'S MOTION FOR SUMMARY JUDGMENT

**TO PLAINTIFF EDS FINANCIAL SERVICES, INC. AND ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on July 16, 2018 at 8:30 a.m. or as soon thereafter as can be heard in Courtroom 9D, 9th Floor, of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, CA 92701, Defendant Dolores Kroop ("Mrs. Kroop") will and hereby does move for summary judgment pursuant to Fed. R. Civ. P. 56.

This Motion is made and based on the grounds that there is no genuine disputed issue of material fact such that Mrs. Kroop is entitled to judgment as a matter of law with respect to Plaintiff EDS Financial Services, Inc.'s claim for Breach of Written Settlement Agreement, the sole cause of action in the Complaint in this case. Specifically, under the settlement agreement in question, Mrs. Kroop was fully discharged of any and all liability in connection with *Seaman v. Valley Health Care Medical Group, Inc., et al.* (United States District Court for the Central District of California, Case No. SAC-CV 13-01709 DOC (RNBx)), including all payment obligations under the settlement agreement.

This Motion is made and based upon this Notice of Motion; the Motion; the attached Memorandum of Points and Authorities; the supporting Declarations of Edwin R. Cottone, Esq., Dr. Richard J. Kroop, and Mrs. Kroop; the supporting Request for Judicial Notice; and upon such other oral and documentary evidence as may be presented to the Court upon hearing of the Motion.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

This Motion is made following the conference of counsel pursuant to L.R. 7-3 as set forth in further detail in the Declaration of Edwin R. Cottone, Esq. filed concurrently herewith.

Dated: June 14, 2018                    Respectfully submitted,

                                         /s/ Edwin R. Cottone
                                         Edwin R. Cottone, Esq. (SBN 222689)
                                         COTTONE & MOON
                                         5000 Birch Street, Suite 3000
                                         Newport Beach, CA 92660
                                         Telephone: (949) 260-2004
                                         Facsimile: (949) 861-9922
                                         Email: ed@cottonemoon.com
                                         *Attorneys for Defendant Dolores Kroop*

COTTONE & MOON
LITIGATION ATTORNEYS

DEFENDANT DOLORES KROOP'S MOTION FOR SUMMARY JUDGMENT

## **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................ 1

I.   INTRODUCTION ............................................................................. 1

II.  STATEMENT OF UNDISPUTED FACTS .................................... 2

III. STANDARD OF REVIEW ............................................................ 5

IV. ARGUMENT ................................................................................. 5

    A. The Language of the Settlement Agreement
       Absolves Mrs. Kroop From Any Liability Relating
       to the *Seaman* Action, Including Any Responsibility
       for the Stipulated Judgment ........................................................ 6

    B. The Parties' "Objective" Intent as to Mrs. Kroop's
       Liability Relating to the *Seaman* Action Was
       Demonstrated by Their Conduct After the
       Settlement Agreement was Executed ........................................ 8

V.   CONCLUSION ............................................................................. 11

COTTONE & MOON
LITIGATION ATTORNEYS

DEFENDANT DOLORES KROOP'S MOTION FOR SUMMARY JUDGMENT

1

## TABLE OF AUTHORITIES

*Alpha Mech., Heating & Air Conditioning, Inc. v. Travelers Cas.*
*& Surety Co. of Am.*,
        133 Cal.App.4th 1319, 1334 (2005) ...................................................... 6

*Anderson v. Liberty Lobby, Inc.*,
        477 U.S. 242, 256 (1986) ...................................................... 5

*Avery v. First Resolution Management Corp.*,
        568 F.3d 1018, 1023 (9th Cir. 2009) ...................................................... 11

*British Airways Bd. v. Boeing Co.*,
        585 F.2d 946, 951 (9th Cir. 1978) ...................................................... 5

*Celotex Corp. v. Catrett*,
        477 U.S. 317, 323 (1986) ...................................................... 5

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
        68 Cal.App.4th 445, 473 (1998) ...................................................... 7

*Compass Bank v. Petersen*,
        886 F. Supp.2d 1186, 1193 (C.D. Cal. 2012) ...................................................... 5

*Crestview Cemetery Ass'n v. Dieden*,
        54 Cal.2d 744, 754 (1960) ...................................................... 10

*Folb v. Motion Picture Industry Pension & Health*,
        16 F. Supp.2d 1164, 1179-80 (C.D. Cal. 1998)

*Founding Members of the Newport Beach Country Club v. Newport Beach*
*Country Club, Inc.*,
        109 Cal.App.4th 944, 957 (2003) ...................................................... 7

*Holguin v. Dish Network LLC*,
        229 Cal.App.4th 1310, 1321 (2014) ...................................................... 8

COTTONE & MOON
LITIGATION ATTORNEYS

DEFENDANT DOLORES KROOP'S MOTION FOR SUMMARY JUDGMENT

*Hot Rods, LLC v. Northrop Grumman Systems Corp.*,
    242 Cal.App.4th 1166, 1175-76 (2015)................................................. 9

*Houck Constr., Inc. v. Zurich Specialties London, Ltd.*,
    No. CV 06 3832 AG (PLAX), 2007 WL 1739711,
    at *2 (C.D. Cal. June 4, 2007) ............................................................ 9

*Kennecott Corp. v. Union Oil Co. of Cal.*,
    196 Cal.App.3d 1179, 1189 (1987) ...................................................... 9

*Lloyd's Underwriters v. Craig & Rush, Inc.*,
    26 Cal.App.4th 1194, 1197-98 (1994).................................................. 6

*O'Neil v. Bunge Corp.*,
    365 F.3d 820, 822 (9th Cir. 2004) ....................................................... 5

*Richman v. Hartley*,
    224 Cal.App.4th 1182, 1186 (2014) ..................................................... 5

*Roybal v. University Ford*,
    207 Cal.App.3d 1080, 1085 (1986) ...................................................... 6

*Rydstrom v. Federal Ins. Co.*,
    263 F. Supp.3d 868, 875 (C.D. Cal. 2017) ........................................... 9

*United Commercial Ins. Serv., Inc. v. Paymaster Corp.*,
    962 F.2d 853, 856 (9th Cir. 1992) .................................................. 5, 9

*Walter E. Heller Western, Inc. v. Tecrim Corp.*,
    196 Cal.App.3d 149, 158 (1987) ......................................................... 8

COTTONE & MOON
LITIGATION ATTORNEYS

iii

## Codes

Fed. R. Civ. P. 54(d) ....................................................................... 11

Civ. Code § 1642 ............................................................................... 7

Civ. Code § 1717 ............................................................................. 11

Fed. R. Civ. P. 54(d) ....................................................................... 11

Fed. R. Civ. P. 56(a) ......................................................................... 5

Evid. Code § 1119............................................................................9

## Other

C.D. Cal. General Order No. 11-10 at § 9.1 ......................................9

L.R. 16-15.8 ....................................................................................9

COTTONE & MOON
LITIGATION ATTORNEYS

DEFENDANT DOLORES KROOP'S MOTION FOR SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit arises out of a settlement in *Seaman v. Valley Health Care Medical Group, Inc., et al.* (United States District Court for the Central District of California, Case No. SAC-CV 13-01709 DOC (RNBx) ("*Seaman* Action")). As agreed by the parties in that case, Defendant Dolores Kroop ("Mrs. Kroop"), one of three defendants in the *Seaman* Action, was fully and finally dismissed from that lawsuit ***with prejudice*** as part of the parties' bargained-for settlement. In contrast to Mrs. Kroop, the other defendants in the Seaman Action were dismissed without prejudice in order to allow entry of a stipulated judgment against them (and ***only*** them) in the event of an uncured default of the settlement agreement.

Despite the clear terms of the parties' settlement, including the dismissal of Mrs. Kroop with prejudice from the *Seaman* Action, Plaintiff EDS Financial Services, Inc. ("EDS") now brings the instant lawsuit against Mrs. Kroop for allegedly breaching the settlement agreement and seeking to hold her personally liable for the stipulated judgment in the *Seaman* Action. It should be noted that EDS was not one of the original parties to the settlement agreement, but rather is the assignee of the rights held by the plaintiff in the *Seaman* Action.

As discussed below, there is no genuine disputed issue of material fact, and Mrs. Kroop is entitled to judgment as a matter of law in this action. Simply put, the parties in the *Seaman* Action intended to completely discharge and release Mrs. Kroop from any liability in connection with that case, including all payment obligations under the settlement agreement. Rather, such payment obligations, including the stipulated judgment, were solely to be the responsibility of the other defendants in the *Seaman* Action, not Mrs. Kroop. As the evidence confirms, the parties' intent to relieve Mrs. Kroop of all liability is objectively manifested not only in the plain language of the settlement agreement, but also through their conduct after the settlement agreement had been executed.

1

## II.   STATEMENT OF UNDISPUTED FACTS

In the *Seaman* Action, Thomas A. Seaman ("Receiver"), the Federal Equity Receiver for Medical Capital Holdings, Inc. and its affiliated entities (collectively, "MedCap"), asserted a number of causes of action alleging that Dr. Richard Jeffrey Kroop ("Dr. Kroop"), Mrs. Kroop, and Valley Health Care Medical Group, Inc. ("Valley Health") failed to repay funds that they borrowed from MedCap. (Statement of Uncontroverted Facts and Conclusions of Law ("SUF") ¶ 1.)  In turn, Dr. Kroop asserted various cross-claims alleging that, *inter alia*, MedCap made fraudulent promises to provide continued funding to his medical practice, which MedCap failed to do.  (*Id.* ¶ 2.)

In February 2015, following a full-day mediation session conducted at the Ninth Circuit Courthouse in Pasadena, California by panel member John Brinsley, the parties entered into a settlement agreement pursuant to which the Receiver would receive a total of $500,000 in periodic payments.[1]  (*Id.* ¶ 3.)  Paragraph 6 of the settlement agreement provides that, in the event of a breach and uncured default of this payment obligation, the Receiver is entitled to file a stipulation for entry of judgment against Dr. Kroop and Valley Health in the amount of $2.5 million, less any payments received.  (*Id.* ¶ 5.)

On April 9, 2015, Dr. Kroop and Valley Health executed the stipulated judgment, which the Receiver held in case of a breach of the settlement agreement. (*Id.* ¶ 6.)  Mrs. Kroop did not execute the stipulated judgment.  (*Id.* ¶ 7.)  However, the stipulated judgment, which is part of and incorporated in the parties' settlement agreement, made clear that it *only* applies to Dr. Kroop and Valley Health, as Mrs. Kroop is not mentioned anywhere in the stipulated judgment.  (*Id.* ¶ 8.)  Indeed, there is no signature block for Mrs. Kroop to sign the stipulated judgment.  (*Id.* ¶

---

[1] Dr. Kroop, who appeared at the mediation on behalf of all defendants in the *Seaman* Action, executed the settlement agreement on behalf of Valley Health and himself in February 2015. Mrs. Kroop signed the settlement agreement thereafter.  (*Id.* ¶ 4.)

DEFENDANT DOLORES KROOP'S MOTION FOR SUMMARY JUDGMENT

COTTONE & MOON
LITIGATION ATTORNEYS

9.)  Moreover, the stipulated judgment defines the "Judgment Defendants" thereunder to include *only* Valley Health and Dr. Kroop.  (*Id*. ¶ 10.)

Importantly, in regard to enforcement of the settlement agreement and entry of the stipulated judgment in the event of an uncured default, paragraph 8 of the settlement agreement expressly provides, "***Upon Court Approval [of the settlement], Receiver and Defendants shall jointly request dismissal of the Complaint and Cross-Complaint without prejudice only to allow entry of the Stipulated Judgment in the event of an uncured default, <u>and of Defendant Dolores Kroop with prejudice</u>*** [emphasis added]."  (*Id*. ¶ 11.)

The full and final dismissal of Mrs. Kroop from the *Seaman* Action with prejudice was a crucial component of the settlement bargain agreed upon by the parties.  Dr. Kroop, Mrs. Kroop, and Valley Health would not have agreed to any settlement unless it fully released and discharged Mrs. Kroop from any liability or responsibility in connection with the *Seaman* Action, including any payment obligation under the parties' settlement.  (*Id*. ¶ 12.)

Consistent with the foregoing provision in the settlement agreement, on April 24, 2015, the Court issued an order generally dismissing the *Seaman* Action in its entirety without prejudice, but specifically dismissed the case in its entirety **with prejudice** as to Mrs. Kroop.  (*Id*. ¶ 13.)  In particular, the Court's order stated the following: "This case is hereby dismissed in its entirety, including the Amended Complaint and the Cross-Complaint, without prejudice, and ***<u>with prejudice as to Defendant Dolores P.G. Kroop</u>*** [emphasis added]."  (*Id*. ¶ 14.)

In October 2015, the Receiver filed an application requesting entry of the stipulated judgment against Dr. Kroop and Valley Health following an uncured default of the settlement agreement.  (*Id*. ¶ 15.)  Nowhere in this application did the Receiver seek entry of the stipulated judgment against Mrs. Kroop.  (*Id*. ¶ 16.) Nowhere in this application did the Receiver claim that Mrs. Kroop breached the settlement agreement by failing to make the settlement payments thereunder.  (*Id*. ¶

DEFENDANT DOLORES KROOP'S MOTION FOR SUMMARY JUDGMENT

17.)  Nowhere in this application did the Receiver even claim that Mrs. Kroop was responsible for the payment obligations under the settlement agreement, including the stipulated judgment in the event of an uncured default.  (*Id*. ¶ 18.)

Likewise, nowhere in this application did the Receiver claim that Mrs. Kroop breached the settlement agreement by failing to execute the stipulated judgment in the first place.  (*Id*. ¶ 19.)  Indeed, at no time after the settlement agreement and stipulated judgment were executed did the Receiver ever claim that Mrs. Kroop breached the settlement agreement by failing to execute the stipulated judgment.  (*Id*. ¶ 20.)  At no time after the stipulated judgment was executed in April 2015 by *only* Valley Health and Dr. Kroop did the Receiver even make any request or demand to Mrs. Kroop to execute the stipulated judgment, despite obviously knowing that she did not sign the document.  (*Id*. ¶ 21.)

On January 5, 2016, the Court granted the Receiver's application and entered judgment against Dr. Kroop and Valley Health in the amount of $2,467,500.  (*Id*. ¶ 22.)  Judgment was not entered against Mrs. Kroop, as she had been previously dismissed from the case with prejudice.  (*Id*.)  An abstract of judgment was subsequently issued by the Court Clerk on January 15, 2016, which noted the entry of judgment against only Dr. Kroop and Valley Health.  (*Id*. ¶ 23.)

In or around November 2015 (after the aforementioned application for entry of the stipulated judgment was filed), the Receiver purportedly assigned his rights under the settlement agreement to EDS.  (*Id*. ¶ 24.)  On January 28, 2016, the Receiver filed an acknowledgement of the assignment of the judgment against Valley Health and Dr. Kroop to EDS.  (*Id*. ¶ 25.)

EDS filed this action on June 6, 2017, asserting that Mrs. Kroop breached the settlement agreement and is "equally responsible" for the $2,467,500 stipulated judgment that was entered against Dr. Kroop and Valley Health.  [Dkt. #1, ¶ 10.]

///

///

**III.   STANDARD OF REVIEW**

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought."  (Fed. R. Civ. P. 56(a).)  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  (*Id.*; *see also British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir. 1978).)

"The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact."  (*Compass Bank v. Petersen*, 886 F. Supp.2d 1186, 1193 (C.D. Cal. 2012); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).)  "The burden then shifts to the non-moving party to show that there is a genuine issue of material fact that must be resolved at trial."  (*Compass Bank*, 886 F. Supp.2d at 1193; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).)

More than a scintilla of evidence is necessary to defeat summary judgment. Rather, there must be evidence "such that a reasonable jury could return a verdict for the nonmoving party."  (*Anderson*, 477 U.S. at 248.)  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." (*Id.* at 249-50 (internal citations omitted).)

**IV.   ARGUMENT**

"[T]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." (*O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004), quoting *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992).)  "To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff."  (*Richman v. Hartley*, 224 Cal.App.4th 1182, 1186 (2014).)

EDS' claim against Mrs. Kroop for breach of the settlement agreement fails because there was simply no breach of any contractual obligation by Mrs. Kroop. Under the settlement in the *Seaman* Action, Mrs. Kroop was fully released from any responsibility or liability in connection with that lawsuit, including all payment obligations under the settlement agreement. This specifically includes any obligation for the stipulated judgment.

## A.   The Language of the Settlement Agreement Absolves Mrs. Kroop From Any Liability Relating to the *Seaman* Action, Including Any Responsibility for the Stipulated Judgment

"In interpreting a contract, the objective intent, as evidenced by the words of the contract is controlling. We interpret the intent and scope of the agreement by focusing on the usual and ordinary meaning of the language used and the circumstances under which the agreement was made." (*Lloyd's Underwriters v. Craig & Rush, Inc.*, 26 Cal.App.4th 1194, 1197-98 (1994) (internal citations omitted).)

The terms of the settlement agreement here make absolutely clear that Mrs. Kroop was to be dismissed ***with prejudice*** from the *Seaman* Action. By its plain and ordinary meaning, the dismissal "with prejudice" effectively releases Mrs. Kroop from any liability arising out of the *Seaman* Action and conclusively terminates any subsequent right of action thereon. (*See Roybal v. University Ford*, 207 Cal.App.3d 1080, 1085 (1986) (noting that "'with prejudice' clearly means the plaintiff's right of action is terminated and may not be revived").)

EDS' attempt to re-litigate Mrs. Kroop's liability arising from the *Seaman* Action undercuts the very purpose of a dismissal "with prejudice." (*See Alpha Mech., Heating & Air Conditioning, Inc. v. Travelers Cas. & Surety Co. of Am.*, 133 Cal.App.4th 1319, 1334 (2005) (emphasizing that "there would be no meaning to the phrase 'with prejudice' if plaintiff were permitted to re-litigate claims that were settled, and that defendant "would suffer prejudice from being forced to

DEFENDANT DOLORES KROOP'S MOTION FOR SUMMARY JUDGMENT

defend against successive suits involving matters already finally determined").)

If the parties did not want to fully and finally release Mrs. Kroop of all liability in connection with the *Seaman* Action, there is simply no rhyme or reason to dismiss her from the lawsuit ***with prejudice***.  Indeed, the language of the settlement agreement carves out and treats Mrs. Kroop completely different (*i.e.*, dismissed "with prejudice") from other defendants in the *Seaman* Action.  If the parties truly intended and agreed that Mrs. Kroop would be personally liable for the stipulated judgment (together with Dr. Kroop and Valley Health, jointly and severally as to all three), it makes absolutely no sense to have materially disparate terms apply to Mrs. Kroop as compared to Dr. Kroop and Valley Health.

In short, holding Mrs. Kroop responsible for all payment obligations under the settlement agreement, including the stipulated judgment, would effectively write-out and render meaningless critical language in the settlement agreement that Mrs. Kroop be dismissed "with prejudice."  This violates basic rules of contract interpretation.  (*See Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc.*, 109 Cal.App.4th 944, 957 (2003) (rejecting contract interpretation that would render language in an agreement "superfluous," and emphasizing that "[a]n interpretation rendering contract language nugatory or inoperative is disfavored"); *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal.App.4th 445, 473 (1998) (emphasizing that contractual language should be interpreted "not in a way which renders some clauses nugatory, inoperative or meaningless").

Furthermore, the language of the stipulated judgment, which is obviously a key component of the parties' settlement agreement, also makes abundantly clear that *only* Dr. Kroop and Valley Health would be liable for the stipulated judgment in the event of any uncured default of the settlement agreement.  (*See* Civ. Code § 1642 ("Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together");

7

COTTONE & MOON
LITIGATION ATTORNEYS

*Holguin v. Dish Network LLC*, 229 Cal.App.4th 1310, 1321 (2014) (holding that four documents that were executed at different times by the same parties and involved the same transaction were properly considered as a single contract).)

In particular, the stipulated judgment expressly defines the "Judgment Defendants" thereunder to include *only* Dr. Kroop and Valley Health.  Nowhere in the stipulated judgment is Mrs. Kroop mentioned, nor is there any signature block for her to even sign the document.  Rather, the stipulated judgment is wholly consistent with the aforementioned language in the settlement agreement fully and finally dismissing Mrs. Kroop from the *Seaman* Action "with prejudice," as the parties clearly intended any liability for an uncured breach of the settlement agreement to fall *only* upon Dr. Kroop and Valley Health.

**B.**   **The Parties' "Objective" Intent as to Mrs. Kroop's Liability Relating to the *Seaman* Action Was Demonstrated by Their Conduct After the Settlement Agreement was Executed**

If the language of the settlement agreement (which includes the stipulated judgment) was not already clear enough, extrinsic evidence – specifically, the parties' conduct – further confirms the parties' intent to absolve Mrs. Kroop of all liability in connection with the *Seaman* Action.  At the very minimum, the terms of the settlement agreement regarding Mrs. Kroop's obligations thereunder should be considered ambiguous,[2] which thus allows for consideration of extrinsic evidence even where the contract contains an integration clause.  (*See Walter E. Heller Western, Inc. v. Tecrim Corp.*, 196 Cal.App.3d 149, 158 (1987) ("When any of the terms or provisions in a contract are ambiguous or uncertain, it is the duty of the

---

[2] Despite language in the settlement agreement treating Mrs. Kroop differently than Dr. Kroop and Valley Health as discussed above in Section IV.A (specifically, language providing for the dismissal of Mrs. Kroop "with prejudice" from the *Seaman* Action), EDS nevertheless claims that Mrs. Kroop is liable for all payment obligations under the settlement agreement (including the stipulated judgment) because she, Dr. Kroop, and Valley are collectively defined under the settlement agreement as "Defendants."  EDS contends that the language of the settlement agreement imposes all payment obligations thereunder on "Defendants."

8

trial court to construe it after the parties are given a full opportunity to produce evidence of the facts, circumstances and conditions surrounding its execution as well as the conduct of the parties to the contract"); *Hot Rods, LLC v. Northrop Grumman Systems Corp.*, 242 Cal.App.4th 1166, 1175-76 (2015) (noting that "even in an integrated contract, extrinsic evidence can be admitted to explain the meaning of the contractual language" if the terms of the contract are ambiguous).)[3]

The Ninth Circuit has emphasized, "Under California law, the intent of the parties determines the meaning of the contract. ***The relevant intent is 'objective' – that is, the intent manifested in the agreement and by surrounding conduct – rather than the subjective beliefs of the parties***." (*United Comm. Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (emphasis added).)

Furthermore, it is well-established that "[t]he conduct of the parties after execution of the contract and before any controversy has arisen as to its effect affords the most reliable evidence of the parties' intentions." (*Kennecott Corp. v. Union Oil Co. of Cal.*, 196 Cal.App.3d 1179, 1189 (1987); *see also Rydstrom v. Federal Ins. Co.*, 263 F. Supp.3d 868, 875 (C.D. Cal. 2017) (same).) "This rule of practical construction is predicated on the common sense concept that 'actions speak louder than words.' Words are frequently but an imperfect medium to convey thought and intention. When the parties to a contract perform under it and demonstrate their conduct that they knew what they were talking about the courts

---

[3] To avoid any possible violation of the mediation privilege, Mrs. Kroop has refrained from submitting evidence relating to the parties' settlement negotiations. (*See* C.D. Cal. General Order No. 11-10 at § 9.1 ("Except as provided in section 9.2 below, this Court, the mediator, all counsel and parties, and any other persons attending the mediation shall treat as 'confidential information' the contents of the written mediation statements, any documents prepared for the purpose of, in the course of, or pursuant to the mediation, anything that happened or was said relating to the subject matter of the case in mediation, any position taken, and any view of the merits of the case expressed by any participant in connection with any mediation"); *see also* L.R. 16-15.8; Evid. Code § 1119; *Houck Constr., Inc. v. Zurich Specialties London, Ltd.*, No. CV 06 3832 AG (PLAX), 2007 WL 1739711, at *2 (C.D. Cal. June 4, 2007); *Folb v. Motion Picture Industry Pension & Health*, 16 F. Supp.2d 1164, 1179-80 (C.D. Cal. 1998).)

9

1 | should enforce that intent." (*Crestview Cemetery Ass'n v. Dieden*, 54 Cal.2d 744,
2 | 754 (1960).)
3 |    Although EDS argues in this case that Mrs. Kroop breached the settlement
4 | agreement by failing to execute the stipulated judgment, the Receiver has *never*
5 | made any such claim. Indeed, if Mrs. Kroop breached the settlement agreement by
6 | failing to execute the stipulated agreement after the parties entered into the
7 | settlement agreement, it is utterly baffling why the Receiver did not seek to rectify
8 | that situation *immediately* (*i.e.*, promptly after the parties executed the settlement
9 | agreement and before the Court approved the settlement and dismissed Mrs. Kroop
10 | from the case with prejudice in April 2015).
11 |    Likewise, the Receiver made no such argument that Mrs. Kroop breached
12 | the settlement agreement by failing to execute the stipulated judgment when he
13 | filed an application in October 2015 to have the stipulated judgment entered
14 | against Valley Health and Dr. Kroop for an uncured default of the settlement
15 | agreement. In that application, the Receiver did not seek to have the stipulated
16 | judgment entered against Mrs. Kroop. He did not claim that Mrs. Kroop was
17 | contractually responsible for the stipulated judgment. He did not claim that Mrs.
18 | Kroop was contractually responsible for any of the payment obligations under the
19 | settlement agreement. Indeed, at no time after Dr. Kroop and Valley Health
20 | executed the stipulated judgment in April 2015 did the Receiver even make any
21 | request or demand whatsoever to Mrs. Kroop to sign the stipulated judgment.
22 |    Simply put, as demonstrated by the Receiver's conduct (together with
23 | language in the settlement agreement and stipulated judgment), it is patently clear
24 | that the parties' "objective" intent underlying the settlement agreement was to fully
25 | and finally relieve Mrs. Kroop of any liability in connection with the *Seaman*
26 | Action. This includes the payment obligations under the settlement agreement, as
27 | well as the stipulated judgment.
28 |    EDS was not a party to the *Seaman* Action and was not involved in the

COTTONE & MOON
LITIGATION ATTORNEYS

10

DEFENDANT DOLORES KROOP'S MOTION FOR SUMMARY JUDGMENT

1  settlement of that case.  EDS should not be allowed to now re-write the settlement

2  agreement to impose liability on Mrs. Kroop for the stipulated judgment when it

3  was agreed by the parties in the *Seaman* Action that she would be dismissed ***with***

4  ***prejudice*** and absolved of all liability in connection with that case.

5  **V.**    **CONCLUSION**

6         For the foregoing reasons, Mrs. Kroop's motion should be granted, and

7  judgment should be entered in her favor in this action.  In addition, Paragraph 20

8  the settlement agreement expressly provides that the "prevailing party" in any

9  action to enforce or interpret the settlement agreement may recover costs and

10  attorneys' fees incurred therein.  (UF ¶ 26).  Thus, Mrs. Kroop is entitled to

11  recover her costs attorneys' fees incurred in this action.  (*See* Fed. R. Civ. P. 54(d);

12  *Avery v. First Resolution Management Corp.*, 568 F.3d 1018, 1023 (9th Cir. 2009);

13  Civ. Code § 1717 ("In any action on a contract, where the contract specifically

14  provides that attorney's fees and costs, which are incurred to enforce that contract,

15  shall be awarded either to one of the parties or to the prevailing party, then the

16  party who is determined to be the party prevailing on the contract . . . shall be

17  entitled to reasonable attorney's fees in addition to other costs").)

18

19  Dated: June 14, 2018                    Respectfully submitted,

20

21                                          /s/ Edwin R. Cottone
                                            Edwin R. Cottone, Esq. (SBN 222689)
22                                          COTTONE & MOON
                                            5000 Birch Street, Suite 3000
23                                          Newport Beach, CA 92660
                                            Telephone: (949) 260-2004
24                                          Facsimile: (949) 861-9922
25                                          Email: ed@cottonemoon.com
                                            *Attorneys for Defendant Dolores Kroop*
26

27

28

COTTONE & MOON
LITIGATION ATTORNEYS

11

# CERTIFICATE OF SERVICE

I, Melissa A. Hill, herby certify that on June 15, 2018, a true and correct copy of the foregoing: **DEFENDANT DOLORES KROOP'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** was served upon the following interested parties via PACER:

- **Jeffery J. Czech, Esq.**
  CZECH & HOWELL, APC
  2400 E. Katella Avenue, #655
  Anaheim, CA 92806

- **Jonathan A. Howell, Esq.**
  CZECH & HOWELL, APC
  2400 E. Katella Avenue, #655
  Anaheim, CA 92806

_Melissa A. Hill_

MELISSA A. HILL

DEFENDANT DOLORES KROOP'S MOTION FOR SUMMARY JUDGMENT